**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CARNELL HUNNICUTT,

     Plaintiff,

v.                                    No. 18-cv-889 JB/KBM

FNU DESANTIAGO, *et al*,

     Defendants.

**ORDER DENYING DISCOVERY REQUEST AND EXCUSING
FURTHER OBLIGATIONS PENDING INITIAL REVIEW**

Before the Court is Plaintiff's *pro se* Motion Requesting Discovery (Doc. 6) in connection with his civil rights claims (Doc. 1-1). Defendants removed Plaintiff's original Tort Complaint to Federal District Court on September 20, 2018. (Doc. 1). Thereafter, Plaintiff filed an Amended Complaint seeking damages under 42 U.S.C. § 1983. (Doc. 9). Because Plaintiff is a prisoner who seeks redress from a governmental entity or officer, the Court must screen the Amended Complaint pursuant to 28 U.S.C. § 1915A. *Sua sponte* dismissal is required if the Amended Complaint fails to state a cognizable claim or seeks monetary relief from a defendant who is immune. 28 U.S.C. §1915A(b). Section 1997(e) of Title 42 further provides that a defendant may decline to reply to any action brought by a prisoner until the Court orders a response. 42 U.S.C. § 1997e(g)(1)-(2). Finally, prisoner petitions are excluded from pre-trial case management procedures, including discovery obligations, under the Court's local rules. *See* NMLR 16.3(d). Based on these authorities, the Court will deny the Motion Requesting Discovery (Doc. 6) and excuse all further obligations pending initial review.

**IT IS ORDERED** that the Motion Requesting Discovery (Doc. 6) is DENIED without prejudice.

**IT IS FURTHER ORDERED** that until further Order by the Court, the parties are excused from any pre-screening obligations, including responding to the other's filings. Once screening is complete, the Court will enter a separate order either dismissing the Complaint or setting further deadlines.

_____
UNITED STATES MAGISTRATE JUDGE